

U.S. Department of Justice
*S. Amanda Marshall*
*United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Suite 600*     (503) 727-1000
*Portland, OR 97204-2902*              Fax (503) 727-1117

March 7, 2014

Laurie Bender
Laurie Bender, P.C.
735 SW First Ave, 2nd Floor
Portland OR 97204

Kathleen M. Correll
Correll & Associates
P.O. Box 13351
Portland, OR 97213

Re:  *United States v. Holly Ann Grigsby*, 3:12-cr-00431-HA
     Rule 11(c)(1)(C) Plea Agreement Letter

Dear Counsel:

1.  **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any other charges other than those specifically mentioned herein.

2.  **Charges**: Defendant agrees to plead guilty to Count One of the Indictment, in which she is charged with conducting and participating in the conduct of the affairs of an "enterprise" engaged in interstate commerce, through a pattern of racketeering activity, including murder, robbery, and kidnapping in violation of the laws of the states of Oregon, Washington, and California, and other racketeering activities alleged in Count One, in violation of 18 U.S.C. § 1962(c).

3.  **Penalties**: The maximum sentence is life imprisonment, a fine of up to $250,000, a five year term of supervised release if eligible for release from prison, and a $100 fee assessment. Defendant agrees to pay the $100 fee assessment by the time she enters her guilty plea or explain to the Court why this cannot be done.

4.  **Dismissal/No Prosecution**: The USAO will move to dismiss the remaining counts and to strike the notice of special findings in the Indictment at sentencing. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement. The Prosecuting Attorney's Office for Snohomish County, Washington, and the District Attorney's Offices for Lincoln County, Oregon, and Humboldt County, California, have also separately agreed not to file any charges against defendant if defendant pleads guilty and is sentenced to life imprisonment, without possibility of release, and does not seek to withdraw her plea or set aside her conviction, in this case.

Laurie Bender and Kathleen M. Correll
Re: *Holly Ann Grigsby* Plea Letter
Page 2

---

5. **Pending Motions:** Defendant agrees to withdraw her pending motions, and any joinders in defendant Pedersen's motions. However, if the Court subsequently dismisses the indictment based on any pending motion filed by defendant Pedersen, the USAO agrees defendant Grigsby may have the option to withdraw her guilty plea. If that circumstance arises and defendant Grigsby opts to withdraw her plea, the USAO will not be bound by any provisions in this agreement, and the Prosecuting Attorney's Office for Snohomish County, Washington, and the District Attorney's Offices for Lincoln County, Oregon, and Humboldt County, California, may pursue criminal charges against defendant Grigsby, notwithstanding any prior agreements.

6. **Sentencing Factors:** The parties agree that the Court must first determine the applicable advisory guideline range under the United States Sentencing Guidelines (U.S.S.G.), then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7. **Advisory Guidelines Calculation:** The parties agree to the following United States Sentencing Guidelines calculations:

Pursuant to U.S.S.G. § 2E1.1, Application Note 1, where there is more than one underlying offense to the racketeering violation, each underlying offense should be treated as if it were a separate count of conviction, and the adjustments under Chapter Three, Parts A-D, should be applied to determine the offense level for each. The parties agree that, pursuant to § 3D1.2(b), the sub-predicate offenses for each racketeering act should be grouped together for a single offense level per racketeering act, as follows:

| **Racketeering Act** | **Description of Offense(s)** | **Guideline** | **Offense Level** |
|---|---|---|---|
| 1 | Kidnapping, Robbery, and Murder of David Jones ("Red") Pedersen | § 2A1.1(a) (Murder 1) | **43** |
| 2 | Kidnapping, Robbery, and Murder of Leslie Mae ("Dee Dee") Pedersen | § 2A1.1(a) (Murder 1), § 3A1.3 (Victim Restrained) | 43 +2 **45** |
| 3 | Interstate Transportation of Stolen Vehicle (Red Pedersen's Vehicle) and Other Stolen Property | § 2B1.1(a)(2), (b)(1)(D), (b)(3), (b)(15) | **16** |
| 4 | Fraudulent Use of Access Devices (Red Pedersen's and Dee Dee Pedersen's credit and debit cards) | § 2B1.1(a)(2), (b)(1)(B), (b)(3), (b)(10), (b)(15) | **14** |

Laurie Bender and Kathleen M. Correll
Re: *Holly Ann Grigsby* Plea Letter
Page 3

| RICO Predicate | Description of Offense(s) | Guideline | Offense Level |
|---|---|---|---|
| 5 | Kidnapping, Robbery, and Murder of Cody Faye Myers | § 2A1.1(a) (Murder 1) | 43 |
| 6 | Interstate Transportation of Stolen Vehicle (Cody Faye Myers' Vehicle) | § 2B1.1(a)(2), (b)(3), (b)(15) | 10 |
| 7 | Kidnapping, Robbery, and Murder of Reginald Alan Clark | § 2A1.1(a) (Murder 1) | 43 |
| **Combined Offense Level pursuant to §§ 3D1.2, 3D1.3, and 3D1.4\* prior to any reduction for acceptance of responsibility** | | | 49 |
| **Acceptance of Responsibility** (if applicable, see paragraph 8, below) | | | [-3] |
| **Total Offense Level** (if receives reduction for acceptance of responsibility) | | | [46] |

\*Pursuant to §§ 3D1.2(d) and 3D1.3(b), Counts 3, 4, and 6 are grouped together for a total offense level of 16, and the remaining Counts are not grouped. Pursuant to § 3D1.4(a), racketeering acts 1, 2, 5, and 7 are each counted as 1 unit, and the remaining racketeering acts are disregarded pursuant to § 3D1.4(c). Because the racketeering acts total 4 units, 4 levels are added to the highest offense level above (45), for a combined offense level of 49, prior to any adjustment for acceptance of responsibility.

There is no agreement concerning defendant's criminal history calculation, but the parties estimate that she is within Criminal History Category IV. If the parties are correct, and the defendant qualifies for a reduction for acceptance of responsibility, the defendant's **advisory guideline range is life in prison.**

8.  **Acceptance of Responsibility**: Defendant must demonstrate to the Court that she fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for her unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

9.  **No Additional Departures, Adjustments, or Variances**: In exchange for the promises in this agreement, and because the parties have agreed upon a joint sentencing recommendation that they believe is reasonable and appropriate in this case, neither party will seek any other departures, adjustments, or variances from the resulting advisory guideline range or the jointly recommended sentence.

Laurie Bender and Kathleen M. Correll
Re: *Holly Ann Grigsby* Plea Letter
Page 4

---

10. **Joint Sentencing Recommendation**: Considering the totality of the circumstances, including the advisory sentencing guideline range and the factors outlined in 18 U.S.C. § 3553(a), the parties agree that a life sentence, without possibility of release, is the appropriate disposition in defendant Grigsby's case.

11. **Binding Plea Agreement**: This plea agreement is entered into pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. Accordingly, the Court must follow the terms of the agreement, including the parties' joint sentencing recommendation, or allow defendant to withdraw her plea. If defendant withdraws her plea, the Prosecuting Attorney for Snohomish County, Washington, and the District Attorney's Offices for Lincoln County, Oregon, and Humboldt County, California, may reinstate any charges previously filed, or file additional charges without regard to any prior promises. The USAO also reserves the right to rescind this agreement if the Court rejects any terms of the plea agreement, and to reinstate any charges in the indictment.

12. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). Should defendant set aside her conviction or sentence on any grounds, the USAO; the Prosecuting Attorney's Office for Snohomish County, Washington; and the District Attorney's Offices for Lincoln County, Oregon, and Humboldt County, California, may reinstate any charges previously filed, or file additional charges without regard to any prior promises.

13. **Restitution**: The court shall order restitution to the victims in the full amount of the victims' losses, as required by law and determined by the court. Defendant agrees that, while the district court sets the payment schedule, this schedule may be exceeded if and when defendant's financial circumstances change. In that event, and consistent with its statutory obligations, the United States may take any and all actions necessary to collect the maximum amount of restitution in the most expeditious manner available.

14. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

15. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

Laurie Bender and Kathleen M. Correll
Re: *Holly Ann Grigsby* Plea Letter
Page 5

---

16. **Memorialization of Agreement**: No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

Sincerely,

S. AMANDA MARSHALL
United States Attorney

JANE SHOEMAKER
Assistant United States Attorney

HANNAH HORSLEY
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I wish to plead guilty because, in fact, I am guilty.

3/7/14
Date

HOLLY ANN GRIGSBY
Defendant

We represent the defendant as legal counsel. We have carefully reviewed every part of this agreement with defendant. To our knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

3/19/2014
Date

LAURIE BENDER
Attorney for Defendant

3/7/14
Date

KATHLEEN M. CORRELL
Attorney for Defendant

Revised 02/03/10